IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MARCOS ORTIZ, #1049113 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-354 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State

Custody" filed by Marcos Ortiz, a prisoner in the Texas Department of Criminal Justice -

Correctional Institutions Division.  The Court has jurisdiction over the parties and subject matter

pursuant to 28 U.S.C. §§ 2241 and 2254.  Petitioner was convicted of aggravated robbery and

aggravated assault and, on April 11, 2001, was sentenced to 25 years imprisonment.  Petitioner

was arrested after robbing and assaulting two Galveston County residents on June 2, 2000.

Based on information given by one of the victims,  a Galveston police officer spotted Petitioner

after he ran a red light.  Following a car chase and an escape attempt, Petitioner was detained

and arrested.  He was subsequently identified by both his victims.

Petitioner's direct appeal was denied, and his Petition for Discretionary Review ("PDR")

was refused.  He subsequently filed two writs of habeas corpus in state court pursuant to Article

11.07 of the Texas Code of Criminal Procedure.  Both writs were denied on August 27, 2003, and he

filed the instant writ in a timely manner.  Since both state writs are identical and were filed separately

1

because Petitioner was convicted on two counts, the Court treats them below as a single writ. Both parties have filed motions for summary judgment, and the State has also filed a supplemental motion concerning claims that were not fully addressed in its original motion.

The Court takes the unusual step of noting that the State's original motion seriously misconstrues the issues in this case. As noted below, the State has so misstated the grounds raised in Petitioner's federal writ that it actually asserts issues that were raised in the state writ but are nowhere found in the federal Petition or Petitioner's Supplemental Brief. The Court can only conclude that the State has, in part, simply confused the state and federal writs in some inexplicable way. Nevertheless, the State has addressed all the issues actually raised in the federal writ, and Petitioner has had ample opportunity to respond. The Court therefore takes up these issues without requiring the State to remedy its misconstrual.

The State claims that Petitioner raises 18 grounds for habeas relief:

1. He was illegally detained and arrested without probable cause in violation of his due process rights;

2. He was convicted on an invalid amended indictment;

3. His conviction was obtained by prosecutorial misconduct;

4. There was a conspiracy to arrest, prosecute, and convict him on fabricated charges;

5. The trial court abused its discretion;

6. He was denied his constitutional right of access to the courts as well as his First Amendment rights;

7. The prosecutor knowingly used fraudulent evidence;

8. He suffered malicious misrepresentation;

9. He suffered malicious prosecution;

10.     He was denied the right to a meaningful appeal;

11.     There was a miscarriage of justice;

12.     He was denied his equal protection rights;

13.     He was denied his due process rights;

14.     He was denied a fair and impartial jury trial, including improper jury arguments made by the State;

15.     The trial court erred by entering an affirmative deadly weapon finding in the judgment;

16.     He was denied effective assistance of counsel when his attorney failed to object to improper and prejudicial statements made during the jury arguments and when his attorney failed to raise certain claims;

17.     He was denied effective assistance of appellate counsel; and,

18.     The prosecutor knowingly deceived the jury as to what the law is on fines.

<u>Issue One</u>

Petitioner first claims there was no probable cause to detain or arrest him.  In his state writ, Petitioner limited this claim to the allegation that Galveston police officer, Eric Cox, did not have a description of him. In his federal writ, however, Petitioner includes this allegation together with a more complex set of factual claims.  He alleges that he was the victim of a conspiracy between Cox and Galveston County sheriff's officer, Jimmy Gillane, and that he had not been near the crime scene. In addition, Petitioner relies extensively on testimony by the officers given at trial.

The State argues that the current claim "lacks identity" with the state habeas claims and must therefore be dismissed as unexhausted and procedurally defaulted.  This claim, which misstates the law,  is without merit.  Petitioner was not required to assert the same, precise details of his claim to state and federal courts; he was only required to present a "substantial equivalent" of the current issue

3

to the state court. *Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002). This Court finds that Petitioner did fairly present this claim in his Article 11.07 writ.

Nevertheless, Petitioner's claim fails. Petitioner alleges that the 911 call that started the police search did not contain a description of him. However, the state appellate court found that it did. *Ortiz v. State*, Nos. 14-01-00556 and 14-01-0057, (Houston [14th Dist.], May 23, 2002). Factual findings made by state courts are presumed correct. *Perillo v. Johnson*, 79 F.3d 441, 445 (5th Cir. 1996). Petitioner has presented no evidence to overcome this presumption. Moreover, he has presented no evidence to support his claim. Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge, or of which he has reasonably trustworthy information, are sufficient. *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988). As the state court found, the arresting officer pursued Petitioner after he noted that the registration and description of the car Petitioner was driving matched what he had just heard on the police dispatch. *Ortiz v. State*, *supra*, at 2. In addition, the arrest took place after Petitioner ran a red light and began a high-speed chase to escape Officer Cox. *Id.*

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this issue.

Issue Two

Petitioner next claims that the indictment in his case was invalid. He alleges that almost a year after he was originally indicted, the State filed a motion to amend the indictment to include the additional offense of causing bodily harm. He further alleges that a February 27, 2001, hearing on the amendment was never concluded and that the state court never granted the motion. The State argues that this claim was not fairly presented to the state habeas court. As above, this argument is without merit.

The sufficiency of an indictment is not a matter for federal habeas relief unless Petitioner can

4

show that it was so defective that the convicting court had no jurisdiction.  The federal court need not address the issue if the state court has held that the indictment was sufficient.  *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).  That is the case here.  Petitioner does not allege the convicting court lacked jurisdiction, and the Court of Criminal Appeals has rejected Petitioner's claim on its merits.  Federal habeas relief is therefore not available on this issue.  *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this claim.

Issue Three

Petitioner next argues that the State engaged in prosecutorial misconduct when it used testimony by the arresting officer and one of the victims that the State knew was fabricated.  The State again argues that this issue was not fairly presented to the state court, and this time it is correct.  In his federal writ, Petitioner relies on the following allegedly perjured testimony: Cox stated he received a description of Petitioner and his car; engaged in a high-speed chase; had his spotlight on Petitioner; and was only fifteen feet from Petitioner during the events that led up to his arrest.  Petitioner also alleges that one of the victims lied to the jury by stating there was a gun in the car.  By contrast, Petitioner only argued in his state writ that Cox lied when he said he received a description of Petitioner and that the victim perjured himself when he testified that he had talked to a 911 operator, stated that Petitioner had assaulted him, and the identified him.  Only one of the federal allegations was raised in state court, and this claim was consequently not fairly presented to the state court.  Because Petitioner would be barred from returning to state court to present this expanded claim, it is procedurally defaulted in this federal proceeding.  *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001).

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this issue.

Issue Four

Petitioner alleges that a conspiracy existed to arrest and prosecute him on fabricated charges. The State again incorrectly claims that this was not presented to the state court. In the instant writ, Petitioner alleges that the District Attorney, one of the victims, and his attorney conspired to keep him in jail and try him on charges they knew were groundless. Although Petitioner raised far more elaborate claims in his Article 11.07 writ, all the claims before this Court were stated in substantial form. Nevertheless, Petitioner's claims are conclusory and lack any evidentiary basis. Such claims are not cognizable on federal habeas. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Since the state court ruled on the merits of this claim, Petitioner must show why that decision was contrary to, or involved an unreasonably application of, federal law. 28 U.S.C. § 2254(d)(1). He has not done so.

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this point.

Issue Five

Petitioner next complains that the trial court abused its discretion based on multiple grounds. These include: it allowed the jury to learn of his past criminal record; the jury overheard Petitioner had used a fictitious name; Petitioner's motion for mistrial was denied; the court ignored a note from the jury concerning Cox's testimony; the court refused to stop proceedings when it became apparent Petitioner's counsel was incompetent and when a car alarm went off in front of the courthouse; sirens were heard on the 911 tape; the District Attorney "packed the courtroom" with police officers; the court allowed the introduction of "fraudulent" photographs; the court allowed the use of a fraudulent indictment; the prosecutor was allowed to use, in unstated ways, a writ of habeas corpus against

6

Petitioner; a "doctored" audiotape was used in court; the court denied a request for a transcript of the 911 tape; the court refused to set aside the indictment; the court refused to appoint an investigator to help Petitioner; a post-conviction motion concerning the use of a deadly weapon was refused; Petitioner was denied access to a law library; Petitioner's "legal materials," including a transcript, were not given to him; the court refused to force Petitioner's attorney to give an affidavit concerning her legal strategy; and the court refused to give Petitioner a list of the grand jury members.

The State argues that these claims are unexhausted and provides a lengthy list of specific allegations in the federal petition that were allegedly not raised in the state writ. The Court has carefully read both writs and finds that the State's list corresponds with the Article 11.07 writ so poorly that the Court is at a loss to understand how the State has concluded that a page and a half of specific allegations are unexhausted when most of them clearly appear in the state writ.

Nevertheless, Petitioner's claim fails. First, Petitioner nowhere alleges that he suffered any constitutional harm from these alleged abuses of discretion. Unlike an Article 11.07 writ, a habeas writ in federal court is cognizable only to remedy allegations that a prisoner is held in violation of the Constitution or federal law. *Dupuy v. Butler*, 837 F.2d 699, 701 n.7 (5th Cir. 1988). Moreover, a habeas writ is not granted to correct every error committed by a trial court but only those of constitutional magnitude. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The Court has carefully considered Petitioner's allegations and finds that none reach such a level. Many are simply conclusory. Some are factually incorrect. For example, the record provides no basis for the allegation that testimony and evidence the jury requested was not provided. Trial Transcript at 69-70. As stated above, Petitioner has the burden of showing that the state court's decision on the merits of his claim was contrary to, or involved an unreasonable application of, federal law. Neither the Petition nor the Response to the State's motion has attempted to do so.

7

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this point.

Issue Six

Petitioner complains that he was denied access to courts in a timely manner and that his First Amendment rights were violated.  The latter claim appears to rest on allegations that various pro se motions he filed while incarcerated prior to trial were systematically confiscated by the District Attorney's office and did not reach the trial court.

These allegations are unexhausted and therefore procedurally barred.  Petitioner did not raise either of these claims in his Article 11.07 writs.  However, he did raise an issue on direct appeal concerning a ten-month delay from the time of his arrest to the start of his trial.  *Ortiz v. State*, *supra*, at 16.  In his federal writ, however, his claim is based on the allegation that the District Attorney prevented him from communicating with the court by covertly intercepting his pro se motions.  This issue was not brought before the state's highest court and is therefore barred from consideration at this point.  *Finley*, 243 F.3d at 219-20.  Insofar as Petitioner claims he was not appointed counsel until after October 23, 2000, he misrepresents the facts.  The records show that the trial court appointed counsel on July 5, 2000.  Trial record at 4.  There is no constitutional right to hybrid representation.  *United States v. Mikolachczyk*, 137 F.3d 237, 246 (5th Cir. 1998).

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this point.

Issue Seven

The State alleges that Petitioner claims that he is entitled to habeas relief on the ground that the prosecutor knowingly used fraudulent evidence.  Although Petitioner repeatedly makes this allegation – which was specifically raised in his state writ – in support of other claims, he nowhere asserts it in his federal writ as a specific ground for relief.  Insofar as the Petition and Supplemental

Brief can be construed to include such a claim, the Court finds that it is conclusory. The state court ruled on the merits of this issue, and Petitioner must set forth evidence to show that the state court's ruling was incorrect on the grounds stated above. He does not do so, and nothing in the record supports the conclusory allegation that the evidence produced at trial was fraudulent or that the prosecutor knew, or even had reason to suspect, that it was so.

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this point.

<u>Issues Eight, Nine, Ten, and Eleven</u>

The State further claims that Petitioner seeks relief on the grounds that he suffered malicious misrepresentation and malicious prosecution, was denied the right to prepare a meaningful appeal, and that there was a miscarriage of justice. These grounds were raised in the state writ, but even construed in the most liberal manner, the Petition and Supplemental Brief do not raise them. As noted above, the Court can only conclude that the State has confused the state and federal writs.

The Court therefore **RECOMMENDS** that the State's motion be **DENIED AS MOOT** on these issues.

<u>Issue Twelve and Thirteen</u>

Petitioner alleges that his equal protection rights were violated when other inmates received benefits denied to him and that his due process rights were violated. Petitioner alleges that he suffered various pre-trial deprivations of his due process rights, including the right to counsel. He did not raise these claims in either his state writ or on direct appeal. As explained above, they are therefore procedurally barred because they are unexhausted, and Petitioner cannot return at this point to state court to seek further habeas review.

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on these points.

Issue Fourteen

Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated when the prosecutor made several improper jury arguments, including asking the jurors to put themselves in the victims' place and pointing out that Petitioner did not testify. These issues were not asserted in the state writ but were raised on direct appeal. However, Petitioner based his appeal on this issue solely on state law and did not allege any constitutional error. The state's highest court has therefore not had an opportunity to rule on Petitioner's claim. Because he cannot return to seek further habeas review, this issue is procedurally barred from consideration.

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this point.

Issue Fifteen

Petitioner next claims that the trial court erred by entering an affirmative deadly weapon finding in its judgment. The finding was used to enhance his punishment. Petitioner alleges that he was harmed because he has a liberty interest in being released on mandatory supervision, and the deadly weapon finding affects his eligibility for such release. The State fails to note that Petitioner also alleges that the finding violated his right against double jeopardy, and it misconstrues the appellate court's judgment.

Petitioner did not assert a liberty-interest argument related to mandatory supervision on appeal. Instead, he raised the deadly weapon issue on appeal on two grounds: (1) it was improper for the court to make a deadly weapon finding when the actions that constitute the use of a deadly weapon are also used as an essential element of the offense, and (2) using the same conduct to support an element of the offense as well as a deadly weapon finding violated Petitioner's right against double jeopardy. Appellant's Brief at 5-13. The appellate court rejected the first argument because Petitioner failed to object at trial. It also rejected the second point because Petitioner did not object

10

at trial and failed to meet the criteria for raising this issue for the first time on appeal. *Ortiz v. State*, *supra*, at 6-9.  The state court therefore relied on a procedural bar that precludes this Court's consideration of the double jeopardy issue. *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000). Since Petitioner did not raise the liberty interest argument in state court, it is unexhausted and also procedurally barred.

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this point.

<u>Issue Sixteen</u>

Petitioner alleges that the trial court constitutionally erred by allowing the prosecutor to tell the jury during voir dire that Petitioner would have to serve more time in prison if he did not pay a fine assessed against him.  Petitioner raised this issue on direct appeal.  The Court found that he had failed to object at trial and therefore could not raise the issue on appeal.  It therefore relied on a state procedural bar that precludes consideration of this issue.

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this point.

<u>Issue Seventeen</u>

Petitioner next claims he was denied effective assistance of appellate counsel when several important issues were not raised on appeal.  He did not raise these issues in his state writ, and they are unexhausted.  Because he cannot now return to state court for further habeas review, these claims are procedurally barred from consideration.

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this point.

<u>Issue Eighteen</u>

Finally, Petitioner claims he was denied effective assistance of counsel when his trial attorney failed to: (1) object to the prosecutor's improper and prejudicial jury arguments; (2) investigate his

11

case; (3) communicate with him for six months after he was arrested; (4) expose fraudulent evidence used at trial; (5) contact witnesses for Petitioner; (6) move for suppression of in-court identification based on suggestive pre-trial procedures; (7) preserve error for appellate review; (8) object to abuses of the trial court's discretion; (9) file a motion for new trial; and, (10) provide an affidavit telling Petitioner what the trial counsel's strategies were.

In order to establish his claim, Petitioner must show that his counsel's performance fell below a professional standard and that, but for that failing, there is a reasonable probability the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts must be very deferential to counsel's conduct and hold a strong presumption that the performance was within professional guidelines. *Id*. When a prisoner alleges failure to investigate and failure to interview witnesses, he must come forward with specific allegations of what would have been found and show that it would have affected the trial's outcome. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Petitioner raised issues one and six on direct review but did not raise any effective assistance of counsel claims in his state writ. All issues other than those posed to the appellate courts are procedurally barred from consideration at this point. The appellate court rejected Petitioner's claim because the record is silent on what his trial attorney's strategy was. The court attributed this silence to the fact that the attorney did not file a motion for new trial that would have revealed her trial strategy. Petitioner therefore did not rebut the presumption of competence. *Ortiz v. State*, *supra*, at 15. While true, this logic is curious because it enables any trial attorney to prevent review of trial strategy by failing to file a motions or seek hearings that would provide what the state court complained was lacking. Nevertheless, Petitioner has failed to bear his burden in this proceeding to show either what objections the attorney should have made or how doing so would have made a

difference.  Neither his Petition nor Response contain anything more than conclusory statements concerning either of the two grounds at issue here for ineffective assistance of counsel.  Furthermore, after reviewing the record and evidence produced at trial, this Court agrees with the state appellate court's finding that the trial's outcome would not have been different even if Petitioner's attorney had acted in accordance with what he wishes.

The Court therefore **RECOMMENDS** that the State's motion be **GRANTED** on this point.

<u>Conclusion</u>

For all these reasons the Court **RECOMMENDS** that the State's Motion for Summary Judgment (Instrument No. 16) and Supplemental Motion for Summary Judgment (Instrument No. 26) be **GRANTED IN PART**; that Petitioner's Motion for Summary Judgment (Instrument No. 23) be **DENIED**; and that the Petition for a Writ of Habeas Corpus of Marcos Ortiz (Instrument No. 1) be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same.  Petitioner shall have until **February 17, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  <u>The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>.  **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.   Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

13

**DONE** at Galveston, Texas this _____26th_____ day of January, 2006.

John R. Froeschner
United States Magistrate Judge

14